RECEIVED
FEB 14 2011
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| JAMES E. CONEGIE, | § | |
| Petitioner, | § | |
| vs. | § | Case No. 4:07-CR-00057-001 |
| UNITED STATES OF AMERICA, | § | |
| Respondent, | § | |

MOTION UNDER § 3582 FOR REDUCTION

IN SENTENCE PURSUANT TO THE FAIRNESS IN COCAINE ACT

AND SPEARS DECISION

NOW COMES, James E. Conegie, Pro-Se, and does hereby submit to this Honorable Court this Motion for Reduction in Sentence based on the Fair Sentencing Act which was voted on and passed October 15, 2010 as well as the authority granted in United States v. Spears, 129 S.Ct. 843, 172 L.Ed.2d 596 (2009) which grants the court authority to apply a ratio selected by the court as to the crack/power disparity which is greater than necessary to acheive §3553(a) purposes. This Honorable Court has the authority and discretion to so vary (see: Kimbrough v. United States, 552 U.S. 85, 110, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007) as well as the Spears case. Petitioner prays this Court will grant the ratio of one to one which has been granted in cases in the Circuits. U.S. v. Thomas, 370 Fed.Appx. 8 March 11, 2010 (11th Cir.).

-1-

## BACKGROUND

Petitioner in the present case pled guilty to counts one and two of his indictment 21 U.S.C. §841(a)(1) and (b) and Title 18 U.S.C. §924(a) and 922(g)(1) and was sentenced and judgment was entered February 1, 2008 and listed in the criminal judgment book 95 pages 85-90, dated 1/9/08. Petitioner was sentenced to 58 months on count one and 36 months on count two to be served concurrently. Petitioner is asking for a reduction in the count one being the drug charge to which he was sentenced under the crack statute in excess of 5 Kilograms to which the threshold has been raised and lowered with this New Fair Sentencing Act. Previously many were denied of the two point reduction because they were in excess of 4.5 and were the victims of "paper conversions" of powder to crack and are now eligible because the top threshold quantities have been raised. Petitioner has enrolled in the GED Program and is waiting for placement, however, in the meantime has completed the short term program here at Springfield. Petitioner is not a threat to society as he was allowed to remain on bond pending his self surrender April 14, 2008.

Petitioner was indicted and sentenced on the two count indictment.

## JURISDICTION

This Honorable Court holds jurisdiction pursuant to Title 18 Section 3582 which grants permission to the court under 28 U.S.C. §994(o) and the factors set forthin 3553(a) to the extent they are applicable. See also United States v. Chisholm, 73 F.3d 304, January 22, 1996 where even then there was a disparity that the court attempted to use the reasoning in

one to one. See also United States v. Stratton, 2009 U.S. App. LEXIS 19939 September 4, 2009, where the Court acknowledged the sentence should be lowered because of the crack/powder disparity.

Petitioner is a career offender and simply asks this Honorable Court to grant the reduction in a manner consistent with the 3553(a) factors and depart downward in a manner consistent with the principles of fundamental fairness and justice.

Petitioner prays for the appropriate time relief to be granted by this Honorable Court.

Date: 2/10/11                                   Respectfully Submitted,

                                                James E. Conegie
                                                Reg. No. 12584-042
                                                Medical Center for Federal Prisoners
                                                P.O. Box 4000
                                                Springfield, Missouri 65801

### CERTIFICATE OF SERVICE

I have served one true copy of this motion to the respondent in this case at address below, by placing such in the U.S. Mail with first class postage affixed, and one was provided to the clerk of courts on the 10th, day of February 20 11.

                                                /s/ James E. Conegie
                                                James E. Conegie

Office of the U.S. Attorney
900 Jefferson Avenue
Oxford, MS 38655

PETITIONER'S REQUEST

Petitioner asks this Court to grant the 1-1 ratio as the Court has discretion to do so under <u>Kimbrough v. United States</u> 552 U.S. 85, 110, 128 S. Ct. 558, 169 L.ed 2d 481(2007 also as several other circuits have done in <u>Gully v. United States</u>, 619 F. Supp. 633(N.D. Iowa May 18 2009, <u>United States v. Lewis,</u> 623 F. Supp. 42 (DDC June 29, 2009), <u>United States v. Medina</u> No. 08CR256-L, 2009 WL2948325(S.D. Cal. Sept.11, 2009); <u>Henderson v. United States</u>, No. 09-20, 2009 WL 2969507(E.D. La. Sept 11, 2009); <u>United States v. Russell</u> Crim. No. 06-72 Erie, 2009 WL 2485734(W.D. Pa. Aug. 12, 2009).

In <u>Kimbrough</u>, the Supreme Court held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity is greater than necessary to achieve §3553(a) purposes". The Court went further in <u>Spears</u> when it stated that "district courts are entitled to reject and vary categorically from the crack cocaine guidelines based on policy disagreement with those guidelines" Therefore the courts have the discretion to implement their own ratio so long as they articulate a reasonable explaination for their decision.

The sentencing court does not err if when sentencing a defendant, it concludes that the disparity yields a sentence greater than necessary to achieve 18 U.S.C.§3553(a) purposes. <u>Spears</u> permits a district court to substitute its own ratio. The Department of Justice has called for eliminating the sentencing disparity between crack and powder cocaine.

3

PRAYER FOR RELIEF

Petitioner prays this Honorable Court will grant Petitioner's request based on the "Fair Sentencing Act" and find that anything other than a one-to one ration for crack cocaine would be unfair and unreasonable, to impose a sentence greater than necessary to satisfy the §3553(a) policy. Under Kimbrough v United States the Court is authorized not to adhere to the 100-1 ratio that had been imposed previously.

The bill removed references to "cocaine base" from the U.S. Code effectively leaving a 1-1 ratio. United States v. Medina, 2009 U.S. Dist. LEXIS 82900, 2009 WL 2948325(S.D. Cal. 2009). The District Court can set forth enough to satisfy the appellate court that he has used a reasonable basis for exercising his own legal decision making authority. United States v. Merced, 603 F.3d 203, 215-216(3rd Cir. 2010). Petitioner asks this Honorable Court to consider facts presented and find that the current method that was used to sentence Petitioner over represented his involvment and at the time the Court was bound by policy to impose the sentence that was given. Petitioner prays this Honorable Court will apply its own ratio and resentence Petitoner in a manner that is just and fair in line with the Justice Departments findings of unfairness in the crack/powder disparity. Petitioner asks this Honorable Court to give meaningful consideration to the §3553(a) factors. Petitioner qualifies as his base offense level was greater than 12 and he was sentenced for crack cocaine and the threshold for quantities above and below the mandatory minimums are affected.

4

## LEGISLATIVE BACKGROUND

This motion should be granted based on the fact, Congress in the 1990s had rejected the Sentencing Commission's proposed reforms to the crack/powder sentencing ratio, see Kimbrough v. United States 552 U.S. at 99, 128 S.Ct. at 569(noting that "Congress, acting pursuant to 28 U.S.C. §994(p), rejected the [commission's crack cocaine] amendments"), in 2007, when the Sentencing Commission amended the Federal Sentencing Guidelines to reduce by two levels the base offense level associated with each quantity of crack cocaine, Congress did not disapprove making this amendment retroactively available to similarily-situated defendants. See Dillon v. United States,130 S. Ct. 2683, 2688 (2010). Thus, by 2010, Congress recognized that sentence reductions for crack cocaine offenses/offenders should be available to similarly situated defendants. Absent a compelling policy to the contrary, there is no rational reason to treat statutory sentence reductions differently. Indeed, the Sentencing Commission described its 2007 crack cocaine Guideline amendments as "only... a partial remedy' for the problems generated by the crack/powder disparity." Kimbrough, 552 U.S. at 100, 128 S. Ct. at 569(Quoting Sentencing Guidelines for United States Courts, 72 Fed. reg. 28571-28572(2007). The Fair Sentencing Act, therefore represents Congress' attempt to more fully remedy the problems. Just as the earlier partial remedy called for retroactive application, Congress more recent amendment requires a similar dosage of remedial impact.

The Saving Clause must be read in light of the Equal Protection Clause which requires that similarily situated cases be treated alike. Petitioner is requesting that he be sentenced with the adjusted mandatory minimum penalties contained in The Fair Sentencing Act of 2010. It is unjust that Petitioner is under the 1986 Law, and contrary to our fundamental principles of equal protection. The Fair Sentencing Act merely changed the definition of serious traffickers.

The sentencing commission voted October 15, 2010 to temporarily amend the U.S. Sentencing Guidelines so that the reflect changes to the crack cocaine sentences and drug sentencing by the Fair Sentencing Act of 2010. The changes were to go in effect November 1, 2010. The Fair Sentencing Act reset the quantities of crack cocaine that triggered the mandatory minimum sentences of five and ten years. It raised the amount of crack cocaine that triggers a five year mandatory minimum sentence from 5 grams to 28 grams and the amount that triggers the ten year mandatory minimumfrom 50 grams to 280 grams. The Commission made changes to the sentencing guidelines to reflect these increases.

The 1986 law should not apply to offenders in this era. The legislative history of the Fair Sentencing Act of 2010 makes abundantly clear that Congress thought every person sentenced under the crack penalties in the old law was denied the same justice, fairness, and equal protection as is available under the Fair Sentencing Act. Failing to apply the Fair Sentencing Act to all cases now will frustrate congressional intent and continue the discriminatory practices of the old law.

The policy that was adapted by Department of Justice was in sentencing proceedings involving crack cocaine, prosecutors acknowledged that a sentencing range based on a 1-1 ratio (i.e., treating crack cocaine as if it were powder) is the starting point, as a matter of department's policy, in analyzing a variance. While the policy of the Administration is to seek a revision to the law to establish a 1-1 ratio, the law has not been modified and it has not been authoritatively determined by Congress or the Sentencing Commission whether the crack range should be decreased, the powder range increased, or some other formulation adopted. Nor have previsions been made to account for the data suggesting the greater weapons involvement and violence associated with crack. The government will then either support a particular variance, taking into account the particular facts of the case; or oppose a variance, if the aggravating facts of the case and the case as a whole, justify the original guideline sentence. This was determined May of 2009.

Several other circuits have expressly adopted the 1-1 ratio in crack cases and the most significant was United States v. Gully 619 F. Supp.2d 633(N.D.Iowa 2009) and many other courts have followed suit.

Judges have been assured that the current standard of review in place and after Spears, a district judge who adopts a categorical 1:1 ratio will not be reversed. The courts are now free to use this 1-1 ratio.

## CONCLUSION

THEREFORE, Based on the presented facts, Petitioner asks this Honorable Court to adjust his guidlines in accordance with the new guidelines issued under the Fair Sentencing Act and to obtain from the record a copy of Petitioner's plea agreement and Pre-Sentence Report and minutes and transcripts of his sentencing hearing as it may so require. The new amendments went into effect November 1, 2010 and Petitioner should qualify for a non guideline sentence. At sentencing Petitioner had acknowledged his involvment and the mistakes made an wanted an opportunity to right the wrongs he has done to himself and family and Petitioner is at the ripe age to make this change and has experienced enough of this prison life to know this is not the route he intends to take in the future and deprive himself of family and raising his children. Petitioner was involved in NA and I have a strong support group waiting on me. Petitioner ask the court to consider post-conviction conduct and my age as reasons to depart downward. There has been a change in the guidlines that would warrant this action as Petitoner did not appeal or collaterally attack the sentence as the courts have granted one to one in several Circuits being the sister circuit in Thomas as well as in U.S. v. Crews 210 U.S. App. LEXIS 17153 August 17, 2010. It was addressed in teh 5th Circuit prior to being passed in United States v. Barksdale 210 U.S. Dist LEXIS 42682 April 30, 2010. The district court adopted this one to one ratio based on testimony from an agent in United States V. Singleton 545 F.3d 932 October 16 2008.